# UNITED STATES DISTRICT COURT

for the
Southern District of Texas

United States District Court
Southern District of Texas
FILED

Unsealed 2/10/20  SEP - 4 2019

David J. Bradley, Clerk of Court

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Light Blue Samsung Galaxy cellular phone
IMEI#359797094823513

)
)
)
)
)
)

Case No. B-19-824-MJ

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

A Light Blue Samsung Galaxy cellular phone, IMEI# 359797094823513 currently located at the United States Border Patrol Brownsville Station, 940 FM 511, Olmito, TX 78575, further described in Attachment "A".

located in the ___Southern___ District of ___Texas___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 and 21 U.S.C. § 846 | Possession and Conspiracy to Possess with Intent to Distribute a Controlled Substance |

The application is based on these facts:

See attached probable cause Affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Gustavo Gallegos III, Border Patrol Agent-Intelligence
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/04/2019

*Judge's signature*

City and state: Brownsville, Texas        Ignacio Torteya, III, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

United States District Court
Southern District of Texas
FILED
SEP - 4 2019
David J. Bradley, Clerk of Court

In the Matter of the Search of a §
Light Blue Samsung Galaxy cellular phone §
IMEI#359797094823513 §
§  Criminal No. B-19-824-MJ
§
Currently Located at the §
United States Border Patrol §
Brownsville Border Patrol Station §
940 FM 511, Olmito, TX 78575 §

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Gustavo Gallegos III, being first duly sworn, hereby depose and state as follows:

#### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Fed. R. Crim. P. 41 for a warrant to search a Light Blue Samsung Galaxy cellular phone, IMEI#359797094823513 (hereinafter "Device"), which is currently stored, in law-enforcement possession, at the United States (US) Border Patrol (BP) Brownsville Station, 940 FM 511, Olmito, Texas 78575, for certain things particularly described in Attachment B. The Device is also described and pictured in Attachment A.

2. In my training and experience, I know that the Device, Light Blue Samsung Galaxy cellular phone, IMEI#359797094823513, has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Light Blue Samsung Galaxy IMEI#359797094823513 first came into the possession of agents.

3. I am an Agent with Border Patrol assigned to the Rio Grande Valley Sector Intelligence Unit (RGV/SIU) in Brownsville, Texas. I have served as a BP Agent since July of 2007 and have been assigned to the RGV/SIU since August of 2013. I am a law enforcement officer of the U.S., within the meaning of 18 U.S.C. § 2510(7), who is empowered to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516. I am classified, trained, and employed as a federal law enforcement officer with statutory arrest

authority charged with conducting criminal investigations of alleged violations of federal criminal statutes.

4. During my career, I have been a part of numerous arrests linked to narcotics smuggling, and the harboring and transporting of undocumented aliens. Through these arrests, along with my training and experience and conversations with other agents and law-enforcement personnel, I have become familiar with the methods used by narcotics and human smugglers to smuggle and safeguard narcotics and undocumented aliens and to thwart or evade investigations of their trafficking organizations. One of the tactics frequently used by these organizations is the consistent use of cellular telephones and cellular telephones equipped with radio transmitters to coordinate the smuggling arrangements of narcotics into and in the U.S. I am aware that members of these organizations often store co-conspirators' telephone numbers in the telephone memory and communicate using code names through cellular telephones and their radio transmitters to facilitate transactions and to conceal their identities.

5. This affidavit is being submitted for the limited purpose of establishing probable cause to secure a search warrant for the Device (Light Blue Samsung Galaxy cellular phone, IMEI#359797094823513). As such, not all facts known to me or other agents concerning this investigation have been included. This affidavit was approved for filing by Assistant U.S. Attorney, David A. Lindenmuth.

**PROBABLE CAUSE**

6. On August 13, 2019, U.S. Border Patrol Agents assigned to the Rio Grande Valley Sector Intelligence Unit were conducting static surveillance near the area of San Pedro, Texas. This area is heavily used by Transnational Criminal Organizations (TCO) and is a known crossing point for undocumented aliens and narcotics. At approximately 2:50 p.m., Agents observed a green Ford Explorer displaying Temporary License Plates travel south onto Old Military Highway towards the Rio Grande River. Minutes later, Agents observed the same green Ford Explorer exit the area and travel east on Military Highway. Agents occupying unmarked service vehicles began surveillance on the green Ford Explorer. Agents observed the green Ford Explorer turn onto El Metro Street and exit El Astro Street onto Alton Gloor Boulevard. Agents observed that as the Ford Explorer exited El Astro Street, a black Chevrolet Silverado displaying Texas License Plates was following directly behind. It is common for narcotics smugglers to utilize escort vehicles to provide protection and at times to run interference on law enforcement

2

vehicles if the illicit load is compromised. Agents observed that the vehicles were traveling at slow speeds and moved in traffic together. The black Chevrolet Silverado continued traveling directly behind the green Ford Explorer north on Alton Gloor Boulevard and then east onto Morrison Road. Agents observed that the black Chevrolet Silverado was mirroring the movements of the green Ford Explorer. At one point, Agents passed the vehicles to obtain a better view at which time they observed numerous bundle like objects of suspected narcotics in the rear cargo arear of the green Ford Explorer. The vehicles continued traveling in close proximity to each other on Morrison Road and subsequently came to a stop at a red traffic light at the intersection of Morrison Road and McAllen Road. The green Ford Explorer and black Chevrolet Silverado traveled in tandem for approximately three miles.

7.  As the vehicles were stopped in traffic, uniformed and plain-clothes Border Patrol Agents wearing identifiable law enforcement insignia approached the green Ford Explorer and black Chevrolet truck. As Agents approached the driver of the green Ford Explorer, later identified as Juan GARCIA, he (GARCIA) accelerated in an attempt to flee the area. GARCIA attempted drive onto the curb to flee, but was unable because of traffic and approaching agents. Agents managed to open the driver side door and place GARCIA into custody. Six bundles of suspected marijuana totaling 112.67 kilograms were located in the vehicle GARCIA was operating. Agents then detained the driver of the black Chevrolet truck identified as Mark Anthony SEPULVEDA and the passenger identified as Roel RAMOS pending further investigation. Agents observed four clear zip lock bags containing a green leafy substance on top of the center console occupied by SEPULVEDA and RAMOS. SEPULVEDA admitted to Agents on scene that the four clear zip lock bags containing the suspected marijuana belonged to him. RAMOS admitted to agents on scene he had gone to buy marijuana and was smoking it in the truck. RAMOS advised agents he was the registered owner of the black Chevrolet truck. Agents transported all three subjects, both vehicles and narcotics to the Brownsville Border Patrol Station for further case development. Drug Enforcement Administration Special Agents responded and federal prosecution was accepted for Juan GARCIA. SEPULVEDA and RAMOS were released pending further investigation. Based on RAMOS' detention during a narcotic smuggling event, a cellular phone found in his possession

was seized. The Device (Light Blue Samsung Galaxy cellular phone, IMEI#359797094823513) remains in BP custody pending an approval for a search warrant.

8.     The affiant asserts that there is probable cause to believe that the Light Blue Samsung Galaxy cellular phone, IMEI#359797094823513, which was seized from Roel Ramos, contains evidence of narcotics smuggling. It is well known and established through many past investigations that members of these smuggling organizations often store photographs, text messages, e-mails and co-conspirators' telephone numbers, and other communication/messaging applications in the cellular phone to facilitate the narcotics smuggling event(s).

## ELECTRONIC DEVICES AND STORAGE

9.     As described herein and in Attachment B, this application seeks permission to search and seize things that the Device (Light Blue Samsung Galaxy cellular phone, IMEI#359797094823513) might contain, in whatever form they are stored. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Even when a user deletes information from a device, it can sometimes be recovered with forensics tools. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

10.    Searching for the evidence described in Attachment B may require a range of data-analysis techniques. In some cases, agents and computer analysts may be able to conduct carefully-targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide information, encode communications to avoid using key words, attempt to delete information to evade detection, or take other steps designed to frustrate law enforcement searches for information. These steps may require agents and law enforcement or other analysts with appropriate expertise to conduct more extensive searches, such as scanning storage areas unrelated to things described in Attachment B, or perusing all stored information briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, Agents intend to use whatever data-analysis techniques appear necessary to locate and retrieve the evidence described in Attachment B.

## CONCLUSION

11.     I submit that this affidavit supports probable cause for a warrant to search the Light Blue Samsung Galaxy cellular phone, IMEI#359797094823513 and seize the items described in Attachment B.

Respectfully submitted,

_____
Gustavo Gallegos
Border Patrol Agent-Intelligence
United States Border Patrol


Subscribed and sworn to before me
On September 4, 2019:

_____
IGNACIO TORTEYA, III
UNITED STATES MAGISTRATE JUDGE

5

Sealed 2/10/20
Public and unofficial staff access to this instrument are prohibited by court order.

## ATTACHMENT A

1. The property to be searched is a Light Blue Samsung Galaxy cellular phone, IMEI#359797094823513 herinafter the "Device" The Device is currently located at the United States (U.S.) Border Patrol (BP) Brownsville Station, 940 FM 511, Olmito, Texas 78575. The Device to be searched is pictured below.

2. This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.



Sealed 2/10/20
Public and unofficial staff access to this instrument are prohibited by court order.

## ATTACHMENT B

1.  All records, data, and/or information, contained in/on the Device (Light Blue Samsung Galaxy cellular phone IMEI#359797094823513, described in the probable cause affidavit and Attachment A), that involve violations of 21 U.S.C. § 841 and 21 U.S.C. § 846 (Possession of Marijuana and Conspiracy to Possess with intent to distribute Marijuana), including, but not limited to, the following:

    a.  any information related to narcotics smuggling (including saved contacts, phone logs, text messages, voice mails, videos, photos, messaging applications (apps), internet browsing history, geolocation (location) data, or any other saved records); and,

    b.  all bank records, checks, credit card bills, account information, and other financial records for funds/currency/monies used to purchase narcotics or derived from the proceeds of the sale of narcotics.

    c.  Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant and attachment were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

2.  As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored (including, for example: call logs, contact lists, voicemails, and text messages), including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

3.  All the above records, information, and/or data that has been deleted.